UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA M. JOHNSON,<br><br>                Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>                Defendants. | CASE NO. C19-5174 BHS<br><br>ORDER DISMISSING PLAINTIFF'S PROPOSED AMENDED COMPLAINT, DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND CLOSING CASE |

This matter comes before the Court on Plaintiff Brenda M. Johnson's ("Johnson") motion to proceed *in forma pauperis*, Dkt. 1, and proposed amended complaint, Dkt. 4.

On March 7, 2019, Johnson filed the instant motion and proposed complaint against the Department of Social and Health Services ("DSHS"), the Department of Child Support ("DCS"), and Terry Lee Rembert ("Rembert") asserting violations of her constitutional rights based on an alleged denial of benefits. *Id.* On March 29, 2019, the Court dismissed the proposed complaint, granted Johnson leave to amend, and renoted her motion. Dkt. 3. The Court stated that the majority of her claims against the State or State agencies failed and provided explicit instructions on how to properly plead the

elements of her civil rights claims. *Id.* On April 19, 2019, Johnson filed a proposed amended complaint. Dkt. 4.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss a claim sua sponte pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit

cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). Relevant to this matter, § 1983 does not allow suits for damages against States, departments of the State, or State employees acting in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In this matter, Johnson's complaint fails to state a claim. DSHS and DCS are departments of the State of Washington and are not subject to a suit for damages under § 1983. Although Johnson is asserting claims against Rembert in his individual capacity, she fails to provide any allegations regarding how he personally participated in the alleged deprivation of her rights. Thus, the Court concludes that Johnson has failed to state a claim. Because the Court provided Johnson detailed instruction on how to properly plead a claim and Johnson failed to do so in her amended complaint, the Court finds no reason to grant Johnson leave to amend a second time. Therefore, the Court dismisses Johnson's complaint and denies her motion to proceed *in forma pauperis*. The Clerk shall close this case.

**IT IS SO ORDERED**.

Dated this 16th day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge