UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA M. JOHNSON,<br><br>                Plaintiff,<br>  v.<br><br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES, et al.,<br><br>                Defendants. | CASE NO. C19-5174 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION |

This matter comes before the Court on Plaintiff Brenda Johnson's ("Johnson") objection and motion to reopen. Dkt. 10.

On March 7, 2019, Johnson filed a motion to proceed *in forma pauperis* and a proposed complaint against the Department of Social and Health Services, the Department of Child Support, and Terry Lee Rembert ("Defendants") asserting violations of her constitutional rights based on an alleged denial of benefits. Dkts. 1, 1-1. On March 29, 2019, the Court dismissed the proposed complaint, granted Johnson leave to

amend, and renoted her motion. Dkt. 3. The Court stated that the majority of her claims against the State or State agencies failed and provided explicit instructions on how to properly plead the elements of her civil rights claims. *Id.* On April 19, 2019, Johnson filed a proposed amended complaint. Dkt. 4. On May 16, 2019, the Court denied Johnson's motion, dismissed her complaint without leave to amend, and ordered the Clerk to close the case. Dkt. 8. On May 20, 2019, Johnson filed the instant objections and motion to reopen, which the Court will consider as a motion for reconsideration. Dkt. 10.

Upon review of the motion, the Court concludes that dismissal was proper not only for the reasons articulated in the previous order but also because Johnson's instant motion and exhibits reinforce the Court's conclusion that she fails to state a claim. First, Johnson alleges that Defendants were negligent and violated her Fifth and Fourteenth Amendment rights to due process. *Id.* at 1–2. Johnson fails to show that allegations involving negligence establish every element of a due process claim. Second, Johnson attached the state administrative order that she seems to challenge. *Id.* at 7–19. In that order, the administrative law judge clearly set forth Johnson's appeal rights. *Id.* at 17–19. It does not appear that Johnson utilized those remedies, which raises questions of exhaustion of state court remedies. Moreover, "when a litigant has not attempted to present [her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). If Johnson could have presented her due process claims in her appeal, then

abstention may apply. *Id.* Therefore, the Court denies Johnson's motion for reconsideration.

**IT IS SO ORDERED**.

Dated this 1st day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge